# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BRADLEY BYRD, <br> (TDCJ-CID #524789) <br><br> Plaintiff, <br><br> vs. <br><br> CAPTAIN HARRIS, *et al.,* <br><br> Defendants. | § § § § § § § § § § § | CIVIL ACTION H-03-5187 |

## ORDER

Plaintiff, David Bradley Bryd, filed a motion for protective order, temporary restraining order, and preliminary injunction, (Docket Entry No. 12), seeking to enjoin prison officials from requiring plaintiff to shave.

Four showings must be made before a preliminary injunction may issue: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs the threatened injury the injunction may cause the defendants; and (4) the injunction does not disserve public interest. *Rodriguez v. United States,* 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied,* 516 U.S. 1166 (1996); *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction should not be granted unless the movant, by a clear

showing, carries the burden of persuasion.  *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246 (5th Cir. 1994).

Byrd makes a broad request for the court to prevent "harassment." He complains that prison officials used threats of physical force to require him to shave in order to have a new photograph taken for identification purposes. Byrd has not satisfied the first requirement because difficult questions of law create significant doubt as to the probability of his success on the merits. Nor has Byrd met the second requirement of demonstrating that he faces a substantial risk of irreparable injury if the injunction is not granted.

Byrd has failed to meet his burden of persuasion. The motion for protective order, temporary restraining order, and preliminary injunction, (Docket Entry No. 12), is DENIED on the basis of the present record.

SIGNED on June 1, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge