IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BRADLEY BYRD, (TDCJ-ID #524789) | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-03-5187 |
| | § | |
| ENOS H. HARRIS, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

David Bradley Byrd, an inmate in the Texas of Criminal Justice - Institutional Division ("TDCJ-ID"), alleges that while he was incarcerated, defendants violated his First and Fourteenth Amendment Rights by disciplining him for refusing to cut his hair and shave his beard. Byrd asserted that as a Nazarene, he had vowed not to shave or trim his beard or hair until he was released from prison. He sought an injunction requiring defendants to expunge his disciplinary convictions and to prevent them from enforcing the TDCJ grooming policy against him. Defendants have moved for summary judgment. Defendants have also notified this court that Byrd has been discharged from TDCJ but failed to tell the court his new address.

Defendant's failure to keep this court informed of his address is in itself a basis for dismissal. Under Local Rule 83.4, a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. Dismissal for want of prosecution is an appropriate response. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Woodson v.*

*Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995); 8 J. Moore, *Federal Practice* § 41.51(3)(b) & (e) (3d ed. 1998).

Other grounds apparent from the face of the pleadings and motions, also support dismissal. The request for an injunction expunging a disciplinary conviction under 42 U.S.C. § 1983 requires a showing that the conviction was reversed, vacated, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994). Byrd makes no allegation that the disciplinary case on which he bases his complaint has been overturned, precluding the expungement he seeks. To the extent Byrd seeks an injunction against further enforcement of the grooming policy against him, he faces two obstacles. First, the release from custody appears to moot the relief he seeks. Second, the Fifth Circuit has made it clear that the TDCJ grooming policy that Byrd challenges is valid, despite its inconsistency with religious beliefs prohibiting shaving or cutting hair. *See, e.g., Green v. Polunsky*, 229 F.3d 486 (5th Cir. 2000).

This action is DISMISSED by separate order.

SIGNED on August 17, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge